# EXHIBIT

# "A"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA          :

            -v.-                  :

VAUGHN RICHMOND and               :          10 Cr. ___
FREDERIC A. POWELL,

            Defendants.           :



SEALED INDICTMENT

10 CRIM 243

- - - - - - - - - - - - - - - x

### COUNT ONE

(Conspiracy To Commit Wire and Bank Fraud)

The Grand Jury charges:

### BACKGROUND

1.    At all times relevant to this Indictment, Rich Horizons, Inc., was a purported real estate development company located in Brooklyn, New York. At all times relevant to this Indictment, the Mortgage Specialists was a purported mortgage brokerage firm located in Manhattan, New York.

2.    At all times relevant to this Indictment, VAUGHN RICHMOND, the defendant, worked as a mortgage broker, controlled Rich Horizons, and was affiliated with the Mortgage Specialists.

3.    At all times relevant to this Indictment, FREDERIC A. POWELL, the defendant, was a real estate attorney practicing law in the New York metropolitan area.

4.    At all times relevant to this Indictment, Aurora Bank, FSB ("Aurora"), Weyerhaeuser Mortgage Company ("WMC"),

Fremont Mortgage Company ("Fremont"), National City Bank ("National City"), and Countrywide Mortgage Corporation ("Countrywide") were financial institutions, the deposits of which were insured by the Federal Deposit Insurance Corporation.

## THE SCHEME TO DEFRAUD

5.   At all times relevant to this Indictment, and through the mortgage fraud scheme described herein, VAUGHN RICHMOND and FREDERIC A. POWELL, the defendants, and others known and unknown, fraudulently obtained, and assisted others in fraudulently obtaining, home mortgage loans from various lending institutions (the "lenders") for the purchase of certain residential properties (the "target properties"). Through their scheme, the defendants obtained numerous home mortgage loans under false and fraudulent pretenses, with a total face value of over $6,000,000, in order to enrich themselves and their co-conspirators. Many of these loans are now in default and/or foreclosure.

6.   In furtherance of the scheme to defraud, from at least in or about May 2004 through in or about March 2007, VAUGHN RICHMOND and FREDERIC A. POWELL, the defendants, and others known and unknown, prepared and submitted, and assisted in the preparation and submission of, applications and supporting documentation for home mortgage loans with false and misleading information in order to induce lenders to make loans to persons and at terms that the lenders otherwise would not have funded.

2

7.    As part of the scheme to defraud, VAUGHN RICHMOND, the defendant, and others known and unknown, recruited and maintained relationships with individuals with minimal real estate experience to act as straw purchasers for certain properties and to obtain home mortgage loans.  RICHMOND recruited such straw purchasers by, among other things, paying them thousands of dollars and/or promising them future payments. RICHMOND told at least one of these straw purchasers, in sum and substance and among other things, that the straw purchaser would not have to pay the mortgages because RICHMOND and/or other individuals would make payments for several months, and/or that RICHMOND would make money to pay the mortgages by renting out the properties.

8.    As a further part of the scheme to defraud, the straw purchasers provided information regarding their identities, assets and credit to VAUGHN RICHMOND and FREDERIC A. POWELL, the defendants, and others known and unknown, who later used that information in causing loan applications and information to be prepared and submitted on behalf of the straw purchasers for home mortgage loans.  These loan applications purported to represent accurately the personal and financial information of each straw purchaser to the lenders.  However, the loan applications and related information fraudulently improved the straw purchasers' credit worthiness by falsifying personal and financial information about the straw purchasers that was material to the

3

lenders in making their lending decisions. For example, the loan applications contained false and misleading information concerning the straw purchasers' employment, income and assets.

9. In some instances, as a further part of the scheme to defraud, and in addition to the false statements concerning the straw purchasers' financial profiles, VAUGHN RICHMOND and FREDERIC A. POWELL, the defendants, and their co-conspirators, falsely represented to the lenders that the straw purchasers intended to reside primarily in the properties that would secure those mortgages or loans, when, in fact, the straw purchasers did not intend to live in the properties, and, in many cases, RICHMOND intended to rent out the properties.

10. The defendants involved in each transaction distributed the proceeds from the fraudulently obtained home mortgage loans amongst themselves and their co-conspirators for their personal gain. The defendants further profited by renting out the target properties to tenants while failing to make mortgage payments on behalf of the straw purchasers.

## THE DEFENDANTS

11. At all times relevant to this Indictment, VAUGHN RICHMOND, the defendant, supervised and coordinated the recruitment of straw purchasers and the preparation of fraudulent loan applications and other documents for submission to lenders, among other things.

12. At all times relevant to this Indictment, FREDERIC

4

A. POWELL, the defendant, served as the closing agent for many of these fraudulent real estate transactions and, in that capacity, assisted in the preparation of fraudulent closing forms and other documents for submission to lenders, among other things.

## FRAUD AS TO SELECTED PROPERTIES

13.   As described above, in furtherance of the conspiracy and to effect the illegal objects thereof, VAUGHN RICHMOND and FREDERIC A. POWELL, the defendants, and others known and unknown, through the use of fraudulent documents and false representations, obtained home mortgage loans for straw purchasers to fund the purchase of properties.  The properties involved in the defendants' scheme include, but are not limited to, the following residences: 117-27 141st Street, Jamaica, New York ("117-27 141st Street"); 114-40 172nd Street, Jamaica, New York ("114-40 172nd Street"); 1324 Admiral Lane, Uniondale, New York ("1324 Admiral Lane"); 203 Cathedral Avenue, Hempstead, New York ("203 Cathedral Avenue"); 449 West 162nd Street, New York, New York ("449 West 162nd Street"); 2977 Shore Drive, Merrick, New York ("2977 Shore Drive"); and 274A 9th Street, Brooklyn, New York ("274A 9th Street").

## 117-27 141st Street

a.   In or about May 2004, RICHMOND used the personal information of a straw purchaser ("Straw Purchaser 1") to purchase 117-27 141st Street, for approximately $300,000.

5

RICHMOND submitted a loan application to Argent Mortgage Company ("Argent") for Straw Purchaser 1 in order to obtain a mortgage for this property, and this application contained false representations.   POWELL submitted documents from the closing to the lender, Argent, and these documents contained false representations.   Among other things, the application and closing documents falsely represented that Straw Purchaser 1 intended to live in the property as a primary residence and falsely overstated Straw Purchaser 1's income.

        b.   In or about August 2005, RICHMOND used the information of two straw purchasers ("Straw Purchasers 2 and 3") to purchase 117-27 141st Street, for approximately $500,000. RICHMOND submitted a loan application to Fremont for Straw Purchasers 2 and 3 in order to obtain a mortgage for this property, and this application contained false representations. POWELL submitted documents from this closing to the lender, Fremont, and these documents contained false representations. Among other things, the application and closing documents falsely overstated the combined income of Straw Purchasers 2 and 3.

### 114-40 172nd Street

        c.   In or about September 2005, RICHMOND used the information of Straw Purchasers 2 and 3 to purchase 114-40 172nd Street, for approximately $450,000.   RICHMOND submitted a loan application to WMC for Straw Purchasers 2 and 3 in order to obtain a mortgage for this property, and this application

contained false representations. POWELL submitted documents from this closing to the lender, WMC, and these documents contained false representations. Among other things, the application and closing documents falsely overstated the combined income of Straw Purchasers 2 and 3.

### 1324 Admiral Lane

d. In or about February 2006, RICHMOND used the information of two straw purchasers ("Straw Purchasers 4 and 5") to purchase 1324 Admiral Lane, for approximately $440,000. RICHMOND submitted a loan application to Countrywide for Straw Purchasers 4 and 5 in order to obtain a mortgage for this property, and this application contained false representations. POWELL submitted documents from this closing to the lender, Countrywide, and these documents contained false representations. Among other things, the application and closing documents falsely represented that Straw Purchasers 4 and 5 intended to live in the property as a primary residence and falsely overstated the combined income of Straw Purchasers 4 and 5. The mortgage has subsequently defaulted.

### 203 Cathedral Avenue

e. In or about March 2006, RICHMOND used Straw Purchaser 4's information to purchase 203 Cathedral Avenue, for approximately $799,000. RICHMOND submitted a loan application to WMC for Straw Purchaser 4 in order to obtain a mortgage for this

property, and this application contained false representations. POWELL submitted documents from this closing to the lender, WMC, and these documents contained false representations.   Among other things, the application and closing documents falsely represented that Straw Purchaser 4 intended to live in the property as a primary residence and falsely overstated Straw Purchaser 4's income.

### 449 West 162nd Street

f.   In or about March 2006, RICHMOND used Straw Purchaser 4's information to purchase 449 West 162nd Street, for approximately $1,025,000.00.  RICHMOND submitted a loan application to the lender, Aurora, for Straw Purchaser 4 in order to obtain a mortgage for this property, and this application contained false representations.   POWELL submitted documents from this closing to Aurora and these documents contained false representations.   Among other things, the application and closing documents falsely represented that Straw Purchaser 4 intended to live in the property as a primary residence and falsely overstated Straw Purchaser 4's income.   Between at least in or about March 2006, up to and including in or about 2008, RICHMOND and Straw Purchaser 4 rented 449 West 162nd Street to other individuals.   The mortgage has subsequently defaulted.

### 2977 Shore Drive

g.   In or about May 2006, RICHMOND used the

8

information of another straw purchaser ("Straw Purchaser 6") to
purchase 2977 Shore Drive, for approximately $1,250,000.
RICHMOND submitted a loan application to the lender, Fremont, for
Straw Purchaser 6 in order to obtain a mortgage for this
property, and this application contained false representations.
POWELL submitted documents from this closing to Fremont, and
these documents contained false representations.   Among other
things, the application and closing documents falsely represented
that Straw Purchaser 6 intended to live in the property as a
primary residence, falsely listed an employer of Straw Purchaser
6, and falsely overstated Straw Purchaser 6's income.   The
mortgage has subsequently defaulted.

### 274A 9th Street

h.   In or about February 2006, RICHMOND used
Straw Purchaser 6's information to purchase 274A 9th Street, for
approximately $960,000.   RICHMOND submitted a loan application to
Countrywide for Straw Purchaser 6 in order to obtain a mortgage
for this property, and this application contained false
representations.   Among other things, the application and closing
documents falsely represented that Straw Purchaser 6 intended to
live in the property as a primary residence and falsely
overstated Straw Purchaser 6's income.

i.   In or about March 2007, RICHMOND used Straw
Purchaser 6's information to refinance 274A 9th Street, for

approximately $350,000. RICHMOND submitted a loan application to National City for Straw Purchaser 6 in order to obtain a mortgage for this property, and this application contained false representations. Among other things, the application and closing documents falsely represented that Straw Purchaser 6 intended to live in the property as a primary residence and falsely overstated Straw Purchaser 6's income.

### STATUTORY ALLEGATION

14.   From at least in or about 2004 through in or about 2007, in the Southern District of New York and elsewhere, VAUGHN RICHMOND and FREDERIC A. POWELL, the defendants, and others known and unknown, unlawfully, willfully, and knowingly did combine, conspire, confederate, and agree together and with each other to commit offenses against the United States, to wit, to violate Sections 1343 and 1344 of Title 18, United States Code.

15.   It was a part and an object of the conspiracy that VAUGHN RICHMOND and FREDERIC A. POWELL, the defendants, and others known and unknown, unlawfully, willfully, and knowingly, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, would and did transmit and cause to be transmitted by means of wire and radio communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing

10

such scheme and artifice, in violation of Title 18, United States Code, Section 1343.

16.  It was further a part and an object of the conspiracy that VAUGHN RICHMOND and FREDERIC A. POWELL, the defendants, and others known and unknown, unlawfully, willfully, and knowingly would and did execute and attempt to execute a scheme and artifice to defraud financial institutions, the deposits of which were then insured by the Federal Deposit Insurance Corporation, and to obtain moneys, funds, credits, assets, securities, and other property owned by, and under the custody and control of, such financial institutions, by means of false and fraudulent pretenses, representations, and promises, in violation of Title 18, United States Code, Section 1344.

## OVERT ACTS

17.  In furtherance of the conspiracy and to effect the illegal objects thereof, VAUGHN RICHMOND and FREDERIC A. POWELL, the defendants, and others known and unknown, committed the following overt acts, among others, in the Southern District of New York and elsewhere:

a.  In or about March 2006, RICHMOND and POWELL submitted and caused to be submitted false residency and income information, among other things, to WMC in order to procure home mortgage loans in the amount of approximately $799,000 for the purchase of 203 Cathedral Avenue.

11

b.    In or about March 2006, RICHMOND and POWELL submitted and caused to be submitted false residency, employment and financial information, among other things, to Aurora in order to procure home mortgage loans in the amount of approximately $1,350,000 for the purchase of 449 West 162nd Street.

c.    Through their actions, RICHMOND and POWELL caused funds to be sent through interstate wires to fund the home mortgage loans discussed herein.

(Title 18, United States Code, Section 1349.)

## FORFEITURE ALLEGATION

18.   As a result of committing the conspiracy to commit wire and bank fraud offense alleged in Count One of this Indictment, VAUGHN RICHMOND and FREDERIC A. POWELL, the defendants, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461, all property, real or personal, constituting or derived from proceeds traceable to the wire and bank fraud offense alleged in Count One of the Indictment, including but not limited to at least $6,071,000 in United States currency, in that such sum in aggregate is property representing the amount of proceeds obtained as a result of the wire and bank fraud offense.

## Substitute Asset Provision

18.   If any of the above-described forfeitable

12

property, as a result of any act or omission of the defendants:

  (1) cannot be located upon the exercise of due

     diligence;

  (2) has been transferred or sold to, or deposited

     with, a third person;

  (3) has been placed beyond the jurisdiction of the

     Court;

  (4) has been substantially diminished in value; or

  (5) has been commingled with other property which

     cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21,

United States Code, Section 853(p), to seek forfeiture of any

other property of said defendants up to the value of the above

forfeitable property.

  (Title 18, United States Code, Sections 981, 1343 and 1344;
Title 21, United States Code, Section 853(p); Title 28, United
    States Code, Section 2461.)

Deputy FOREPERSON

PREET BHARARA
United States Attorney

13

Form No. USA-33s-274  (Ed. 9-25-58)

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

VAUGHN RICHMOND and
FREDERIC A. POWELL,

Defendants.

### INDICTMENT

10 Cr.

(8 U.S.C. §§ 1326(a) & (b)(2).)

PREET BHARARA
United States Attorney.

A TRUE BILL

Deputy        Foreperson.

3/14/10   Indictment filed under seal