EXHIBIT "B"

Case 1:12-cv-07089-VM   Document 1-2   Filed 09/20/12   Page 2 of 17
Case 1:10-cr-00243-VM   Document 60   Filed 05/26/11   Page 2 of 9

1

14L6POWP

1  UNITED STATES DISTRICT COURT
   SOUTHERN DISTRICT OF NEW YORK
2  ------------------------------x
3  UNITED STATES OF AMERICA,
4          v.                                  10 CR 243(VM)(FM)
5  FRED POWELL,
6          Defendant.
7  ------------------------------x
                                              New York, N.Y.
8                                             April 21, 2011
                                              2:45 p.m.
9
10
    Before:
11
                    HON. FRANK MAAS,
12
                                    Magistrate Judge
13
                        APPEARANCES
14
   PREET BHARARA
15      United States Attorney for the
        Southern District of New York
16 JUSTIN A. ANDERSON
        Assistant United States Attorney
17
   COLLINS McDONALD & GUNN
18      Attorneys for Defendant
   DAN RUSSO
19
20
21
22
23
24
25

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

Case 1:12-cv-07089-VM   Document 1-2   Filed 09/20/12   Page 3 of 17
Case 1:10-cr-00243-VM   Document 60   Filed 05/26/11   Page 3 of 17

2

14L6POWP

1           (In open court; case called)
2           MR. RUSSO: Good afternoon, your Honor. Justin
3   Anderson for the government.
4           THE COURT: Good afternoon.
5           MR. ANDERSON: Daniel Russo, Collins McDonald Gunn for
6   Mr. Powell. Good afternoon, Judge.
7           THE COURT: Good afternoon.
8           Do I understand correctly that your client wishes to
9   plead guilty to the one-count indictment in this case?
10          MR. RUSSO: That is correct, your Honor.
11          THE COURT: Mr. Powell, is that in fact what you wish
12  to do?
13          THE DEFENDANT: Yes, it is.
14          THE COURT: Do you understand that you have a right to
15  have all proceedings in this case, including a guilty plea if
16  you choose to plead guilty or a trial if you choose to go to
17  trial, occur before Judge Marrero, who is the district judge
18  assigned to the case?
19          THE DEFENDANT: Yes, your Honor.
20          THE COURT: I have in front of me a written consent to
21  proceed before a United States Magistrate Judge on a Felony
22  Plea Allocution. Did both you and Mr. Russo sign this form
23  earlier today?
24          THE DEFENDANT: Yes, your Honor.
25          MR. ANDERSON: Yes, your Honor.

14L6POWP

1    THE COURT: Before you signed the form, did you
2    discuss it with your counsel?
3    THE DEFENDANT: Yes, I did.
4    THE COURT: I have signed the form as well.
5    To take a guilty plea this afternoon, I need to ask
6    you a series of questions under oath. So let me ask you to
7    raise your right hand.
8    (Defendant sworn)
9    THE DEFENDANT: I do.
10   THE COURT: Have a seat, sir.
11   Please tell me your full name.
12   THE DEFENDANT: Frederic A. Powell.
13   THE COURT: How old are you, Mr. Powell?
14   THE DEFENDANT: 55.
15   THE COURT: Do I understand correctly you are a law
16   school graduate?
17   THE DEFENDANT: Yes.
18   THE COURT: Where did you go to law school?
19   THE DEFENDANT: Brooklyn Law School.
20   THE COURT: I assume you are a United States citizen?
21   THE DEFENDANT: Yes, I am.
22   THE COURT: Are you currently or have you recently
23   been under the care of a doctor or psychiatrist for any reason?
24   THE DEFENDANT: Yes.
25   THE COURT: The reason I am asking about that is to

14L6POWP

1  inquire whether there is anything about any condition for which
2  you are being treated or any medications that you are taking
3  that interfere with your ability to understand what is going on
4  here today.
5          THE DEFENDANT:  No, there would not.
6          THE COURT:  Have you ever been treated for alcoholism
7  or drug addiction?
8          THE DEFENDANT:  No, I haven't.
9          THE COURT:  As you sit before me today, do you feel
10 okay?
11         THE DEFENDANT:  I feel fine.
12         THE COURT:  You are not having trouble understanding
13 my questions?
14         THE DEFENDANT:  No, I am not.
15         THE COURT:  Have you received a copy of the indictment
16 in this case and had a chance to read it?
17         THE DEFENDANT:  Yes, I have.
18         THE COURT:  I assume you understand of what you are
19 accused?
20         THE DEFENDANT:  Yes, I do.
21         THE COURT:  Have you had sufficient time to talk with
22 your attorneys about this charge and about how you wish to
23 plead with respect to it?
24         THE DEFENDANT:  Yes, I have.
25         THE COURT:  Are you satisfied with the representation

14L6POWP

and the advice that counsel has furnished to you?

     THE DEFENDANT: I am.

     THE COURT: At this time are you ready to enter your plea, sir?

     THE DEFENDANT: Yes, I am.

     THE COURT: What is your plea, guilty or not guilty?

     THE DEFENDANT: It is guilty.

     THE COURT: Even though you have told me that you are guilty, part of my job is to make sure you are entering that plea of guilty voluntarily and that even though you are an attorney you fully understand the charge against you and the possible consequences of pleading guilty to it. So I am going to ask you a series of questions on those subjects.

     Do you understand, sir, that in this one-count indictment you are charged with conspiring together with others to commit wire fraud and bank fraud in violation of Title 18, United States Code, Section 1349?

     THE DEFENDANT: Yes, I am.

     THE COURT: Do you understand that that crime carries with it a maximum sentence of 30 years in jail?

     THE DEFENDANT: Yes.

     THE COURT: Do you understand that you face a maximum supervised release term of five years?

     THE DEFENDANT: Yes.

     THE COURT: Do you further understand that you face a

Case 1:12-cv-07089-VM   Document 1-2   Filed 09/20/12   Page 7 of 17
Case 1:10-cr-00243-VM   Document 60   Filed 05/26/11   Page 7 of 17

6

14L6POWP

1   fine of the greatest of either one million dollars or twice the
2   amount of money that you and others obtained through this crime
3   or twice the amount of financial loss that was caused to
4   persons other than yourself as a result of this crime?
5   THE DEFENDANT: Yes.
6   THE COURT: Do you understand that you face a
7   mandatory $100 special assessment and that the Court will be
8   required to order restitution to any victims of your crime?
9   THE DEFENDANT: Yes.
10   THE COURT: With respect to supervised release, do you
11   understand that if you were placed on supervised release and
12   thereafter violate any condition of that supervised release,
13   Judge Marrero will be able to revoke the term of supervised
14   release that he previously imposed and then could return you to
15   prison without giving you any credit for time previously served
16   on postrelease supervision?
17   THE DEFENDANT: Yes.
18   THE COURT: Mr. Anderson, set forth for the record the
19   elements of the crime.
20   MR. RUSSO: Yes, your Honor. In order to establish
21   that the defendant participated in a conspiracy to commit wire
22   bank fraud, the government would have to prove that the
23   conspiracy charged in the indictment existed, that is that
24   there was an agreement or an understanding to commit a federal
25   crime, in this case bank and wire fraud; and second that the

Case 1:12-cv-07089-VM Document 1-2 Filed 09/20/12 Page 8 of 17
Case 1:10-cr-00243-VM Document 60 Filed 05/26/11 Page 8 of 17

7

14L6POWP

```
 1   defendant knowingly became a member of that conspiracy.
 2           With respect to wire fraud, there are three elements:
 3   First, there was a scheme or artifice us to defraud or to
 4   obtain property or money by materially and false
 5   representations or promises; second that the defendant
 6   knowingly and willfully participated in the scheme or artifice
 7   to defraud with knowledge of its fraudulent nature and with
 8   specific intent to defraud; and third, in the execution of that
 9   scheme the defendant used or caused the use of interstate wires
10   as specified in the indictment.
11           With respect to bank fraud, there are also three
12   elements:  First, there was a scheme to defraud a bank or a
13   scheme to obtain money or funds owned or under the custody or
14   control of a bank by means of materially or false
15   representations or promises; second that the defendant executed
16   or attempted to execute the scheme with the intent to defraud
17   the bank; and third that at the time of the execution of the
18   scheme, the bank was a financial institution within the meaning
19   of the statute, which includes that it was insured by the
20   Federal Deposit Insurance Corporation.
21           THE COURT:  Thank you.  Do you understand that those
22   are the elements of the crime to which you are pleading guilty,
23   sir?
24           THE DEFENDANT:  Yes, I do.
25           THE COURT:  Have you discussed the elements of this
```

Case 1:12-cv-07089-VM   Document 1-2   Filed 09/20/12   Page 9 of 17
Case 1:10-cr-00243-VM   Document 60   Filed 05/26/11   Page 9 of 37

8

14L6POWP

1    crime with your counsel?
2        THE DEFENDANT:  I have.
3        THE COURT:  Do you understand that you have the right
4    to plead not guilty and to have a jury trial with respect to
5    this charge?
6        THE DEFENDANT:  I do.
7        THE COURT:  Do you understand that if you do plead not
8    guilty and go to trial, the burden would be on the government
9    to establish your guilt beyond a reasonable doubt?
10       THE DEFENDANT:  I do.
11       THE COURT:  Do you understand that at such a trial,
12   you would be presumed innocent unless and until the government
13   has established your guilt beyond a reasonable doubt?
14       THE DEFENDANT:  I do.
15       THE COURT:  Do you understand that at a trial and at
16   every other stage of your case, you would have the right to be
17   represented by an attorney and that if need be counsel would be
18   appointed for you?
19       THE DEFENDANT:  I do.
20       THE COURT:  Do you understand that at a trial, you
21   would have the right to confront and question any witnesses who
22   testified against you and would also have the right not to be
23   forced to incriminate yourself?
24       THE DEFENDANT:  I do.
25       THE COURT:  Do you understand at a trial, you would be

14L6POWP

1  entitled to testify and present evidence and also would have
2  the right to compel the attendance of witnesses to testify on
3  your behalf?
4       THE DEFENDANT: I do.
5       THE COURT: Do you understand, sir, that if you plead
6  guilty and your plea of guilty is accepted, there will be no
7  trial of any kind so that you are giving up your right to a
8  trial and the only step remaining will be for Judge Marrero to
9  sentence you?
10      THE DEFENDANT: I do.
11      THE COURT: Do you understand the nature the charge to
12 which you are pleading guilty?
13      THE DEFENDANT: Yes, I do.
14      THE COURT: Do you also understand the range of
15 penalties, including the maximum sentence to which you
16 potentially are subjecting yourself through your plea?
17      THE DEFENDANT: I do.
18      THE COURT: Have you and your attorneys talked about
19 how the Sentencing Commission guidelines may apply to your
20 case?
21      THE DEFENDANT: Yes.
22      THE COURT: Do you understand that the sentencing
23 judge is not bound by those guidelines but nevertheless must
24 consult them and take them and other factors under Title 18,
25 United States Code, Section 3553(a) into account when deciding

14L6POWP

what sentence to impose upon you?

THE DEFENDANT: I do.

THE COURT: Do you understand that Judge Marrero will not be able to determine the guidelines that apply to your case until after a presentence report has been prepared and both you and your attorneys on the one hand and the government on the other have had a chance to challenge the facts reported by the Probation officer?

THE DEFENDANT: I do.

THE COURT: Do you understand that even after it has been determined what guideline applies to a case, the sentencing judge has the authority in certain circumstances to impose a sentence that is either more severe or less severe than the one called for by the guidelines?

THE DEFENDANT: I do.

THE COURT: Do you understand that under certain circumstances either you or the government may have the right to appeal any sentence that is imposed?

THE DEFENDANT: I do.

THE COURT: Do you also understand that parole has been abolished so that if you were sentenced to prison you will not be released early on parole?

THE DEFENDANT: Yes.

THE COURT: Understanding everything I have just told you, sir, do you still wish to plead guilty?

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

Case 1:12-cv-07089-VM Document 1-2 Filed 09/20/12 Page 12 of 17
Case 1:10-cr-00243-VM Document 60 Filed 05/26/11 Page 12 of 17

11

14L6POWP

1       THE DEFENDANT: I do.

2       THE COURT: Am I correct that you are willing to plead
3  guilty at least in part as the result of certain discussions
4  that you and your counsel have had with representatives of the
5  United States Attorney's Office?

6       THE DEFENDANT: Yes.

7       THE COURT: I have in front of me a letter dated
8  April 15th. Mr. Anderson sent it to your attorney. Are you
9  familiar with this letter?

10      THE DEFENDANT: I am.

11      THE COURT: Looking at the last page, did both you and
12 Mr. Russo sign this letter agreement earlier today?

13      THE DEFENDANT: Yes, your Honor.

14      THE COURT: Before you signed this letter agreement,
15 did you discuss its various terms and conditions with counsel?

16      THE DEFENDANT: I did.

17      THE COURT: Do you understand that the terms of this
18 plea agreement letter regarding sentencing are no way binding
19 upon Judge Marrero and that he could reject any recommendations
20 or calculations that may have been made pursuant to this letter
21 agreement and then could impose a sentence more severe than the
22 letter may contemplate without permitting you to withdraw your
23 plea of guilty.

24      THE DEFENDANT: I understand that.

25      THE COURT: Do you understand that in this letter

Case 1:12-cv-07089-VM Document 1-2 Filed 09/20/12 Page 13 of 17
Case 1:10-cr-00243-VM Document 60 Filed 05/26/11 Page 13 of 17

12

14L6POWP

1  agreement you have agreed not to appeal from or otherwise
2  collaterally challenge any sentence of 57 months or less?
3      THE DEFENDANT: Yes.
4      THE COURT: Do you also understand that you agreed to
5  forfeit to the United States a sum of money equal to $110,089?
6      THE DEFENDANT: I do.
7      THE COURT: Apart from what is set forth in this
8  letter agreement, sir, have any promises of any kind been made
9  to you to influence you to plead guilty?
10     THE DEFENDANT: No.
11     THE COURT: Have any promises been made to you
12 concerning the actual sentence you will receive?
13     THE DEFENDANT: No.
14     THE COURT: Has anybody threatened you, sir, in order
15 to influence you to plead guilty?
16     THE DEFENDANT: No.
17     THE COURT: Are you entering a plea of guilty
18 voluntarily and of your own free will?
19     THE DEFENDANT: Yes.
20     THE COURT: Did you in fact commit the crime charged?
21     THE DEFENDANT: Yes.
22     THE COURT: Please tell me what it is that you did
23 that makes you guilty of this crime?
24     THE DEFENDANT: Between March -- May 2004 and May 2006
25 I was involved in a scheme to defraud certain financial

14L6POWP

institutions with a gentleman named Von Richman. The scheme consisted of myself and Mr. Richman fraudulently obtaining mortgage loans under said false and fraudulent pretenses in order to secure financial gain thereby. Specifically, my role in the scheme including the preparation and submission of fraudulent loan closing documents regarding the purchase and/or sale of the following properties: 449 West 102nd Street, New York, New York; 114-41 72nd Street, Jamaica, New York; 117-27 141st Street Jamaica, New York; and 1324 Admiral Lane, Uniondale, New York.

Regarding all four of these reports, I knowingly submitted closing documents to the financial institutions that constituted false and fraudulent statements. The false and fraudulent documents submitted to the lenders, included HUD-1 RESPA settlement statement and other mortgage closing documents.

I did this both knowing and understanding that the information I was submitting on said documents was false and I am aware that the financial institutions due to my actions with Mr. Richman lost between $1 million and $2 and a half million.

THE COURT: Were any of these financial institutions federally insured to your knowledge?

THE DEFENDANT: I believe they were.

THE COURT: Does the government so represent that these were --

SOUTHERN DISTRICT REPORTERS, P.C.
(212) 805-0300

14L6POWP

1  MR. ANDERSON: It does, your Honor.

2  THE COURT: -- federally insured banks.

3  MR. ANDERSON: That is correct, your Honor. At the
4  time of the fraud. Many of them no longer exist.

5  THE COURT: Were some of these institutions located in
6  the Southern District of New York, namely, Manhattan, the Bronx
7  or Westchester?

8  THE DEFENDANT: I believe they were.

9  THE COURT: Is there any doubt in your mind?

10  THE DEFENDANT: I am not -- I never went to the
11  institutions themselves, but I believe they were. There is no
12  real doubt.

13  THE COURT: The government so represents?

14  MR. ANDERSON: Correct, your Honor. One of the
15  properties was in Manhattan and wires passed through the
16  Southern District of New York.

17  THE COURT: Where was your office at the time?

18  THE DEFENDANT: Syosset, over in Jericho Turnpike.

19  THE COURT: At the time you did this certainly as a
20  lawyer you understood what you were doing was against the law?

21  THE DEFENDANT: Yes.

22  THE COURT: Any further questions, Mr. Anderson, that
23  you believe need be asked?

24  MR. ANDERSON: No. Thank you. Your Honor.

25  THE COURT: I take it the government is unaware of any

14L6POWP

1  reason why Mr. Powell should not plead guilty?
2           MR. ANDERSON: I am not aware of any reason, your
3  Honor.
4           THE COURT: Mr. Russo, you are aware of no such
5  reason?
6           MR. RUSSO: That's correct, Judge, I am not.
7           THE COURT: Having heard from the defendant, I am
8  satisfied that he understands the nature of the charge against
9  him in this one-count indictment and the consequences of
10 pleading guilty to it. I am also satisfied that he is entering
11 his plea knowingly and voluntarily and there is a sufficient
12 factual basis for the plea. So for those reasons I will
13 recommend to Judge Marrero that the defendant's plea of guilty
14 be accepted.
15          Is there a sentencing date set?
16          MR. ANDERSON: Yes, your Honor. Judge Marrero set
17 sentencing for July 22 at 3:00 p.m.
18          THE COURT: I will direct that a presentence report be
19 prepared and that the government furnish its prosecution case
20 summary to the Probation Department within two weeks and,
21 Mr. Russo, that you make arrangements to have Mr. Powell
22 interviewed in that same two-week period.
23          MR. ANDERSON: I will do so, Judge.
24          THE COURT: Thank you. Have a good afternoon.
25          MR. RUSSO: Thank you, your Honor.

16

14L6POWP

MR. ANDERSON: Thank you, your Honor.

THE DEFENDANT: Thank you, your Honor.

oOo