EXHIBIT "D"

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

             v.                        10 CR 0243 (VM)

FREDERIC POWELL,

             Defendant.

------------------------------x
                                       New York, N.Y.
                                       September 23, 2011
                                       9:11 a.m.


Before:

                    HON. VICTOR MARRERO

                                       District Judge


                         APPEARANCES

PREET BHARARA
     United States Attorney for the
     Southern District of New York
JUSTIN ANDERSON
     Assistant United States Attorney

COLLINS, McDONALD & GANN
     Attorney for Defendant
DANIEL W. RUSSO

ALSO PRESENT:  BRYAN TREBELHORN, FBI
```

19N9POWS

(In open court)

THE COURT:  Good morning.  Thank you.  Be seated.

This is a proceeding in the matter of United States v. Powell docket number 10 CR 0243.

Counsel please enter your appearances for the record.

MR. ANDERSON:  Good morning, Judge.  Justin Anderson for the government and joined at counsel table by Special Agent Bryan Trebelhorn of the FBI.

MR. RUSSO:  Good morning, your Honor.  Dan Russo, Collins, McDonald & Gann on behalf of Mr. Powell.

THE COURT:  Good morning.

The court notes for the record that the defendant is present in the courtroom seated next to his attorney.

This proceeding is an adjournment of the sentencing of the defendant which had been scheduled a week ago.  And the court rescheduled it in order to allow Mr. Powell to deal with a migraine that he had when he was here last week.

Mr. Russo, is the defendant ready to proceed today?

MR. RUSSO:  We are prepared to proceed, your Honor.

THE COURT:  Thank you.

I have read and reviewed the presentence investigation report dated September 20, 2011, which was prepared in connection with today's sentencing of Mr. Powell.  I have also read the submissions of defense counsel dated September 7, 2011 and the letters attached to that submission as well as the

1  submission from the government, dated September 12, 2011.
2         Mr. Anderson, has the government read and reviewed the
3  presentence report?
4         MR. ANDERSON:  Yes, I have, your Honor.
5         THE COURT:  Does the government have any objections to
6  the report to raise at this point?
7         MR. ANDERSON:  No objections, your Honor.
8         THE COURT:  Mr. Russo, have you read and reviewed the
9  presentence report?
10        MR. RUSSO:  I have, your Honor.
11        THE COURT:  Have you had an opportunity to discuss it
12 with Mr. Powell?
13        MR. RUSSO:  Yes, your Honor, I have.
14        THE COURT:  Do you have any objections to the report
15 to raise at this point?
16        MR. RUSSO:  Not at this time, Judge, no.
17        THE COURT:  Thank you.
18        Mr. Powell, please rise.
19        Have you read and reviewed the presentence report?
20        THE DEFENDANT:  Yes, I have, your Honor.
21        THE COURT:  Have you discussed it with your attorney?
22        THE DEFENDANT:  Yes, I have.
23        THE COURT:  Thank you.  You may be seated.
24        On April 21, 2011 Mr. Powell pled guilty before
25 Magistrate Judge Maas to Count One of indictment number 10 CR

1  0243 which charged him with conspiracy to commit wire and bank
2  fraud in violation of 18 U.S.C. Section 1349. By order dated
3  May 26, 2011 the court found that Mr. Powell entered a plea of
4  guilty knowingly and voluntarily, and that there was a factual
5  basis for the guilty plea. The court now reiterates its
6  acceptance of Mr. Powell's guilty plea.
7      Mr. Anderson, does the government have any additional
8  comments for the court's consideration in connection with
9  sentencing?
10      MR. ANDERSON: No, your Honor.
11      I would just emphasize that the two principal points
12  of the government's submission which is that this crime was
13  significant both in terms of the time span -- it took place
14  across three years -- in terms of the number of banks that were
15  victimized and in terms of the loss to those banks.
16      And also that this conduct of the defendant took place
17  while he was committing other crimes, state crimes in I believe
18  Nassau County related to another type of fraud or theft scheme
19  out there as well as the bribery of a public official. And in
20  light of that, the government recommends that a guideline
21  sentence be imposed.
22      THE COURT: Thank you.
23      Mr. Russo, do you have any additional comments for the
24  court's consideration in connection with sentencing?
25      MR. RUSSO: I do, your Honor.

19N9POWS

1            First and foremost, I'd like to thank the court for
2   having read the submission that was presented on Mr. Powell's
3   behalf.  In light of that, Judge, I'm certainly going to be
4   brief.  I don't want to rehash it.
5            I do believe, your Honor, that the letters that were
6   submitted to the court on behalf of Mr. Powell, those of his
7   wife and his children as well as his colleagues and his family,
8   do paint somewhat of a -- for lack of a better term, Judge, a
9   tragic story here.  As your Honor is aware and as this court is
10  aware, Mr. Powell was a successful practicing attorney for the
11  better part of his adult life before these allegations and
12  those in Nassau and Suffolk arose, judge.  He built a
13  successful practice, one that was built not only on the service
14  to his clients but on the ethics and morals that all of us in
15  this room have sworn to protect and hold dear.
16           Judge, I make no excuses for Mr. Powell.  He did go
17  awry of those morals and those ethics, Judge, and I just want
18  to point out for your Honor that I think it came at a time in
19  Mr. Powell's life where his practice and the market, that being
20  of the real estate market that he so heavily relied on, began
21  to unfold around him.  He watched as his investments and his
22  savings began to crumble and frankly, judge, he acted as a
23  desperate man.
24           But I do wish to submit to the court, judge, that
25  Mr. Powell is not a hardened criminal.  If you do look at --

1  and I do acknowledge, and I have no objection to the fact that
2  Mr. Powell is, in fact, a category II, but I do think it is
3  important to point out to your Honor that the crimes in Nassau
4  County as well as the crimes that we find ourselves here before
5  your Honor are an indication of that desperate time and of
6  those desperate measures, Judge.
7       Judge, I'd also like to point out, while it is not an
8  objection to the presentence investigation report, that there
9  was something included regarding other criminal conduct that
10 took place recently and was submitted and I did make an initial
11 objection to it.  I just want to note, Judge, for the record
12 that I personally spoke to the assistant district attorney
13 assigned in that case and while there was an investigation, and
14 frankly a thorough one, the district attorney in Nassau County
15 who has prosecuted Mr. Powell before, as you are aware, Judge,
16 chose not to do so.  And I think it's important to point that
17 out and ask your Honor not to weigh heavily on the alleged
18 other criminal conduct here.
19      Judge, Mr. Powell's wife and his daughter join us in
20 the courtroom today.  I would make an application to the court,
21 if the court is so inclined, to allow Mrs. Powell to say a few
22 words.  But I do believe, your Honor, that the letters
23 submitted on Mr. Powell's behalf do indicate a family man, do
24 indicate a loving and caring father as well as a loving and
25 caring husband who worked hard up until 2006 to build his

Case 1:12-cv-07089-VM   Document 1-4   Filed 09/20/12   Page 8 of 20    7

19N9POWS

1  practice, to build a professional reputation, solely on behalf
2  of his family so that he could take care of his wife and so
3  that he could take care of his two biological children and his
4  stepson as well.
5           Judge, the reason why I point that out is because I do
6  believe those are traits of someone who is not at risk of being
7  a repeat offender, who is not at risk of becoming a recidivist,
8  Judge.
9           Finally, your Honor, the application to the court,
10 understanding that the guideline sentence here, the guideline
11 range here is 46 to 57, months, Judge, I'm going to ask your
12 Honor to depart from those guidelines in that, I believe,
13 Judge, that the average sentence on a fraud case pursuant to
14 the United States Sentencing Commission is somewhere in the
15 range of 30 to 40 months, your Honor, and that's across the
16 country.  I do not believe that this case is one-and-a-half
17 times worse than that, Judge.  I do think that a sentence
18 somewhere in the range of 30 months or 32 months would be
19 enough time, certainly, to deter Mr. Powell and not offend the
20 statute, not offend this court.  And I'm respectfully
21 requesting somewhere along those lines, Judge.
22          Furthermore, for the purpose of efficiency, your
23 Honor, if you are so inclined to incarcerate -- to sentence
24 Mr. Powell to a term of incarceration, I would ask the court
25 respectfully to consider making a recommendation that

19N9POWS

Mr. Powell serve his incarceration period at Otisville Correctional Facility. My client and I are both under the impression that Otisville will allow Mr. Powell to practice his religion unabated, and I respectfully ask for that consideration.

Thank you.

THE COURT: Mrs. Powell may say a few words. I do have the letters written on behalf of Mr. Powell by his family, but if you wish to say a few words, you may do so.

MRS. POWELL: Your Honor, I'm hoping you'll be lenient on my husband, Fred. He's a wonderful person. I've known him for a long time. We've been married almost 19 years. He has a very good heart. He is a wonderful father. And he could never hurt anyone. He's always been there for me. And he's very remorseful. And on top of everything, Fred suffers from depression. And I did see a change in his personality right before all of this occurred. He's -- I don't know if he was given the wrong medication for his problem, but I did see a change in his personality. And I'm very concerned about Fred, you know, with his chemical imbalance, how he's going to manage in the prison. And anyway thank you for everything. And I hope you will consider everything I've said. And he is very remorseful. Thank you.

THE COURT: Thank you, Mrs. Powell.

Mr. Powell, please rise. Is there anything you would

1   like to say on your behalf before the court imposes sentence?
2           THE DEFENDANT: Yes, your Honor. I've committed sins.
3   I know it. I've made mistakes, which I deeply regret. I've
4   made my peace with God and I realize that I'm about to make my
5   peace with man.
6           I am so sorry about the things I've done and I want to
7   apologize to the legal community of which I was a proud member
8   for 27 years. And I want to apologize to my clients that I did
9   not represent properly. And mostly, I'd like to apologize to
10  my family for not being able to be there for them for the next
11  period of time, to my daughter, Heather and my wife, Robin who
12  I've known since 1984 and who I've loved ever since I first met
13  her. And I can't believe that I won't be able to help them.
14  And I want to thank her so much for standing by me in my hard
15  in troubled times. And I think she's a wonderful person for
16  doing so.
17          And I also, you know, would like to say that I'm going
18  to work to become a better person when I go away and I'm never,
19  ever going to do the things I did again.
20          And I would also like to repeat what my attorney said
21  about being near my family and my friends and I'm hoping that
22  your Honor could recommend that I go to Otisville where I could
23  also practice my religion and see my family as often as
24  possible.
25          THE COURT: Thank you.

You may be seated.

In accordance with the United States Supreme Court decision in United States v. Booker, while the United States sentencing guidelines are not mandatory, the court nonetheless must consult those guidelines and take them into account when sentencing. Therefore, the court has considered the findings of fact stated in the presentence report, as well as the guidelines analysis and the recommendations contained therein. The court has weighed this information along with the factors listed in 18 U.S.C. Section 3553(a) in coming to its final sentencing decision in this case.

The court adopts the factual recitation in the presentence investigation report. Therefore, the court finds that under the guidelines, Mr. Powell's offense level amounts to 22, and his criminal history category falls into category II. The recommended range of imprisonment for this offense level and criminal history category is 46 to 57 months.

The probation office has recommended a sentence of 51 months.

Mr. Powell pled guilty to one count of conspiracy to commit wire and bank fraud. Subsection (a)(1) of 18 U.S.C. Section 3553 requires that courts take into consideration the nature and circumstances of the offense and the history and characteristics of the defendant. Subsection (a)(2) of 18 U.S.C. Section 3553 requires that the court consider the need

19N9POWS

1   for the sentence to promote certain objectives of the criminal
2   justice system, namely: Punishment, specific and general
3   deterrence, and rehabilitation. Section (a)(6) of 18 U.S.C.
4   Section 3553 highlights the need to avoid unwarranted
5   sentencing disparities among defendants with similar records
6   who have been found guilty of similar conduct in other cases as
7   well as in this case.
8           Mr. Powell, please rise.
9           Taking into account the nature and circumstances of
10  the offense and the history and characteristics of the
11  defendant, and considering all of the factors listed in 18
12  U.S.C. section 3553(a), the court finds that a sentence of 48
13  months of imprisonment is reasonable and appropriate and that
14  such a sentence and such a term is sufficient but not greater
15  than necessary to promote the proper objectives of sentencing.
16          In making this sentencing, I take into account that
17  Mr. Powell's crimes are exceedingly serious in nature, causing
18  the loss of in excess of $1.8 million to his victims, yielding
19  proceeds in excess of $9 million. The conspiracy was
20  long-standing, lasting from 2004 to 2007 and involving at least
21  14 properties.
22          Mr. Russo, you make reference to desperate times that
23  may have prompted Mr. Powell's conduct. I call to your
24  attention that the desperate economic times that you referred
25  to and presumably the drop in the market in recent years may

have caused losses in his portfolio and properties is something of much more recent vintage, 2008 roughly when the market collapsed. Mr. Powell's conduct here began, according to the facts, in 2004 and continued, continued at least through 2007. Mr. Powell's other criminal behavior has been consistent in other conduct for over the last seven years. So I do not for a moment accept that this is all due to desperate times. In fact, during this period from 2004 and thereafter the economy saw its most rapid growth which, indeed, created the atmosphere of greed that led to the desperate times that subsequently followed.

I also heard your statement that the average sentence for fraud in this -- across the country is 30 to 40 months. I do not see this case as average in several respects, one of which is, as I indicated, Mr. Powell was engaging in this criminal conduct for at least three years, a very complicated scheme. This was no aberration, one-time circumstance.

The amount of money involved was very, very large.

And, in addition, Mr. Powell was wanted involving -- involved with this criminal conduct, involved in either some continued or subsequent criminal behavior of a like manner, including corruption of public officials.

Second, this case is not typical in that the defendant here is not just an average individual involved in an average fraud. Mr. Powell was an officer of this court, took an oath

1   to abide by the law and to engage in ethical behavior
2   consistent with the highest standards of our profession.
3          Mr. Powell, upon your release from imprisonment you
4   shall be placed on supervised release for a term of three
5   years.
6          I will not impose a fine as the court has determined
7   that your resources should be used to pay restitution.
8   However, you are ordered to pay to the United States a
9   mandatory special assessment of one hundred dollars which shall
10  be due immediately. Additionally, you must forfeit your
11  interest in property pursuant to the terms of the agreed-upon
12  forfeiture order which the court will endorse.
13         It is further ordered that you shall make restitution
14  jointly/severally with your coconspirators, codefendant,
15  Vaughan Richmond and Marilyn John payable to the clerk of the
16  Southern District of New York for disbursements to the
17  following institutions in the amounts indicated in the
18  restitution order: Bank of New York, $372,008; Bank of
19  America, $141,500; Fremont, $401,000; Aurora Bank, $920,001;
20  and City National Bank, $44,521.26.
21         You shall make restitution to such institutions except
22  that no further payment shall be required after the sum of the
23  amounts actually paid by all of the defendants has been fully
24  recovered by all of the compensable injuries. Any payment you
25  shall make shall be divided among the persons made in

19N9POWS

1  proportion to their compensable injuries.
2      The restitution shall be paid in monthly installments
3  of ten percent gross monthly income over a period of
4  supervision to commence 30 days after the date of your release
5  from custody.
6      You must notify the United States Attorney for the
7  Southern District of New York within 30 days of any change of
8  mailing or residence address that occurs while any portion of
9  the restitution remains unpaid.
10      If you are engaged in a BOP non-UNICOR work program,
11  you shall pay $25 per quarter towards the criminal financial
12  penalties. However, if you participate in the BOP's UNICOR
13  program as a grade 1 through 4, you shall pay 50 percent of
14  your monthly UNICOR earnings towards the criminal financial
15  penalties, consistent with the BOP regulations at 28 CFR
16  545.11.
17      You must comply with the standard conditions 1 through
18  13 of supervised release and the following mandatory
19  conditions.
20      You shall not commit another federal, state, or local
21  crime.
22      You shall not illegally possess a controlled
23  substance.
24      You shall not possess a firearm or destructive device.
25      The mandatory drug testing condition is suspended

based on the Court's determination that you pose a low risk of future abuse.

In addition, you shall obey the following special condition. You shall provide the probation officer with access to any requested financial information.

You shall not incur any new credit card charges or open additional lines of credit without the approval of the probation officer unless you are in compliance with the installment payment schedule.

And you shall submit your person, residence, place of business, vehicle, or any other premises under your control to a search on the basis that the probation officer as a reasonable belief that contraband or other evidence of a violation of the conditions of release may be found. The search must be conducted at a reasonable time and in a reasonable manner. Failure to submit to a search may be grounds for revocation. You shall inform any other residents that the premises may be subject to search pursuant to this condition.

Mr. Powell, do you understand each of these conditions?

THE DEFENDANT: Yes, I do.

THE COURT: You shall report to the nearest probation office within 72 hours of release from custody.

The court recommends that you be supervised by the

19N9POWS

1  district of residence.
2      The court finds that the sentence on Mr. Powell is
3  reasonable in consideration of all of the factors listed in 18
4  U.S.C. 3555(a).
5      The sentence as stated is imposed.
6      Mr. Powell, to the extent you have a right to appeal
7  your sentence and you are unable to pay the cost of an appeal,
8  you have the right to apply for leave to appeal in forma
9  pauperis meaning as a poor person. If you make such a request,
10 the clerk of court must immediately prepare and file a notice
11 of appeal on your behalf.
12     Do you understand your right to appeal to the extent
13 it may exist?
14     THE DEFENDANT: Yes.
15     THE COURT: The court will recommend that you be
16 placed in custody at Otisville in accordance with your request.
17     Mr. Anderson, are there any remaining counts or
18 underlying indictments that need to be dismissed at this time?
19     MR. ANDERSON: There are not, your Honor.
20     THE COURT: Is there anything else from the
21 government?
22     MR. ANDERSON: No. Thank you, Judge.
23     THE COURT: Mr. Russo, does the defendant propose a
24 date for surrender?
25     MR. RUSSO: Judge, would November 7 or 8 be possible?

SOUNTHERN DISTRICT REPORTERS, P.C.    (212) 805-0300

19N9POWS

THE COURT: Mr. Anderson?

MR. ANDERSON: Your Honor I have no objection to that. He's kept all of his appearances in court up to even last week when he was sick.

THE COURT: All right. The court will direct you, Mr. Powell, to surrender to the facility designated by the Bureau of Prisons not later than noon on November 8, 2011. And if no facility has been designated by that date, you are ordered to surrender to the United States Marshal for this district.

Do you understand that failure to comply with this order and to so surrender will subject you to prosecution for an offense separate and apart of that for which you have just been sentenced?

THE DEFENDANT: Yes, your Honor.

THE COURT: Mr. Anderson, are there any changes in the bail conditions of the defendant?

MR. ANDERSON: Your Honor, may I have one moment?

THE COURT: Yes.

(Pause)

MR. ANDERSON: Your Honor, the government recommends that the defendant's -- or the terms of his release pending his incarceration remain unchanged.

THE COURT: The court will accept that recommendation. Mr. Powell, do you understand that the bail conditions

19N9POWS

```
 1   that have applied to date remain in effect and that any
 2   violation of those conditions could result in severe
 3   consequences?
 4            THE DEFENDANT:  Yes, I do, your Honor.
 5            THE COURT:  Thank you.
 6            Is there anything else, Mr. Russo?
 7            MR. RUSSO:  Nothing further, Judge.  Thank you to the
 8   court.
 9            THE COURT:  Thank you.
10            (Adjourned)
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```