UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------X
FREDERIC POWELL

        Petitioner,

   v.

UNITED STATES OF AMERICA

        Respondent.
----------------------------X

STATE OF PENNSYLVANIA)
            )SS:
COUNTY OF لسمدﻻ    )

    Frederic Powell, being duly sworn deposes and says:

      1.   I am the Petitioner in this proceeding in which I seek, pursuant to 28 U.S.C. §2255, to vacate and set aside my plea, sentence and conviction, or in the alternative, reduce my sentence, in <u>United States v. Powell</u> (10-CR-243 (VM)) on the ground that my attorney provided to me ineffective assistance of counsel in violation of the constitutional rights afforded to me by the Sixth Amendment to the United States Constitution.

      2.   This affidavit is respectfully submitted in supplement to, and in support of, the attached form motion.

      3.   On or about November 18, 2010, I was arrested and charged, under an Indictment filed March 19, 2010, with a single count of Conspiracy to Commit Wire and

Bank Fraud in violation of 18 U.S.C. §1349 (See Exhibit "A" annexed hereto).

4. On April 21, 2011, I entered a plea of guilty (See Exhibit "B" annexed hereto) to the Indictment pursuant to a written plea agreement with the Government. (See Exhibit "C" annexed hereto).

5. On September 23, 2011, a sentence was imposed of 48 months incarceration, three years supervised release, and payment of restitution in the sum $1,879,030.26 (See Exhibit "D" annexed hereto) and thereafter on September 26, 2011 a Judgment reflecting this sentence was filed by the Court (See Exhibit "E" annexed hereto).

6. Throughout the proceeding before this Court, I was represented by Robert McDonald, Esq. and Daniel Russo, Esq. of Collins, McDonald & Gann, P.C.

7. While I am an attorney, I have never practiced criminal law and have never been involved in a Federal Criminal matter. I relied, throughout the proceeding before this Court, on my attorneys, who advised me that they were experienced federal criminal defense practitioners.

8. Prior to my arrest in the instant proceeding, on January 21, 2009, I had been arrested in the

2

State Court, Nassau County and charged with Grand Larceny, Second Degree and related lesser charges. I had also been arrested on March 4, 2010 and charged with Attempted Bribery in the Third Degree. Commencing on or about December 7, 2009, Collins, McDonald & Gann, P.C. represented me with respect to these matters as well.

9.    It was my desire to have one experienced criminal defense attorney represent me on all pending matters so that a single coordinated strategy could be undertaken to minimize my exposure in all of the pending cases. I was particularly concerned about the impact the State Court proceedings would have on my Federal case.

10.    With this in mind, I was advised by my attorneys to waive my speedy trial rights so that the State Court proceedings would be held in abeyance until there was a resolution of the Federal case. I did so from January 21, 2009 until the end of March, 2011 at which time my attorneys changed their strategy and advice telling me I should withdraw my speedy trial waiver and enter pleas of guilty to the State Court charges.

11.    I spoke to my attorney Mr. McDonald and asked him why he had changed the strategy and was now advising me to proceed on the State cases while the Federal proceeding was still pending. I was concerned as to the

3

effect State Court pleas would have on my Federal Guideline calculation of Criminal History.

12. Mr. McDonald told me that he wanted "to clean me up" before completing the Federal plea negotiations.

13. I relied on Mr. McDonald's advice and entered pleas to the two pending Nassau County cases on March 29, 2011 (See Exhibit "F" annexed hereto).

14. The change of strategy and the entry of the State Court pleas had no rational basis. For no apparent reason my Criminal History category under the Guidelines was increased. The advice I received from my attorney to plead guilty in the State Court proceedings constituted ineffective assistance of counsel and prejudiced me by, in fact, increasing my Federal sentencing guideline calculation.

15. Immediately, thereafter I was presented with a plea offer/agreement by my attorneys which they had received from the Government.

16. Initially, I was concerned about the fact that the plea agreement in calculating the sentencing guidelines set forth a loss of between $1,000,000 and $2,500,000. Based upon the plea discussions it was my understanding that four properties were indentified as

4

involved in the case. I believed that with respect to those four properties the loss was less than $1,000,000.00 in that the proper fair market value of the properties as collateral was not being considered as a credit against the total loss claimed (See Guideline §2B1.1 Application Note 3 (E) (iii)).

17.  My attorney Mr. McDonald advised me that we could contest the amount of loss at the time of sentencing and I, at his suggestion, in fact, obtained, at great cost, appraisals of the properties involved which established that the loss was less than $1,000,000.00.

18.  As  a  result  of  my  attorneys  advice concerning the future ability to contest the amounts of loss calculated in the plea agreement, I agreed to, and did, sign that agreement.

19.  My attorney never advised me that, in fact, in the plea agreement I was stipulating to a loss of between $1,000,000.00 and $2,500,000.00.

20.  My  attorney's  misadvise  concerning  the ability  to  contest,  during  the  sentencing  proceedings, guideline loss, and his misadvise concerning the impact of the plea agreement with respect to this issue, constituted ineffective  assistance  of  counsel.  I  was,  in  fact,

5

prejudiced by this misadvise in that my Federal sentencing guideline calculation was increased thereby.

21. I was also concerned about the fact the plea agreement set forth that my Criminal History Category, based upon the State Court pleas of guilty that I had recently entered upon the advice of counsel, was category II. Again, my attorney advised me that this was of no moment in that arguments could be made to the Court that would minimize the impact of this Criminal History Category.

22. My attorney's misadvice concerning the plea agreement and its impact upon the sentence imposed, caused me to accept that plea agreement, thus vitiating the waiver contained therein.

23. My attorney never presented to the Court, in the course of the sentencing proceedings the proof establishing that the loss was less than $1,000,000.00 and never argued, at all, that the loss was miscalculated in the Presentence Report. Perhaps this was because he knew, despite what he had told me and advised me, that the plea agreement contained a stipulation as to the loss calculation amount.

6

24.  Further, my attorney never contested the calculation of restitution set forth in the Presentence Report.

25.  My attorney's failure to both adequately raise all available objections to the Presentence Report and to adequately present all mitigating sentencing factors to the Court, constituted ineffective assistance of counsel and prejudiced me by, in fact, having a sentence imposed absent the Court being fully informed of all relevant issues and factors.

WHEREFORE, your affiant respectfully requests that the instant motion be granted

_____

FREDERIC POWELL

Sworn to before me this
19 day of September, 2012.

_____

GARY SCHOER
Notary Public, State of New York
No. 52-4636925
Qualified in Suffolk County
Commission Expires April 30, 2014

7

**GARY SCHOER**

ATTORNEY AT LAW

NORTH SHORE ATRIUM

6800 JERICHO TURNPIKE, SUITE 108W

SYOSSET, NEW YORK 11791

(516) 496-3500
FAX (516) 496-3530
EMAIL: GSchoer@aol.com

February 27, 2013

**VIA ECF**
Honorable Victor Marrero
United States District Judge-SDNY
500 Pearl Street
New York, New York 10007

RE: POWELL v. UNITED STATES
Docket No.: 12-CV-7089 (VM)

Dear Honorable Sir:

Pursuant to your Honor's endorsed letter Order of February 14, 2013, enclosed please find a copy of the Petitioner's affidavit which was originally filed with the Court on September 20, 2012 and served on the Government on September 21, 2012 with the original Petition in this matter. Apparently, not realized by me, this affidavit was inadvertently not docketed along with the rest of the Petition by the Clerk's office at the time of filing.

The affidavit was re-served on AUSA Anderson via e-mail on February 15, 2013.

At this time there is no further submission being made on behalf of Mr. Powell. Respectfully, however, the Petitioner would request the opportunity to Reply to any Response to the Petition filed by the Government.

Thank you for your consideration of this matter.

Respectfully

GARY SCHOER

GS/tm
cc: AUSA Justin Anderson Esq.,
    (Via E-mail and ECF)